UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**ROBERT DAMION BARNES** *et al.*                    **PLAINTIFFS**

v.                                         **CIVIL ACTION NO. 4:18CV-P152-JHM**

**BRANDON ALLEN** *et al.*                           **DEFENDANTS**

## MEMORANDUM AND ORDER

The instant 42 U.S.C. § 1983 action was initiated by two *pro se* prisoners, Robert Damion Barnes and Willit Watkins, against Defendants Branson Allen and the Daviess County Detention Center. Because neither Plaintiff paid the required filing fee, the Clerk of Court issued a notice of deficiency on September 17, 2018, directing Plaintiffs to either pay the $400.00 filing fee or file a motion to proceed *in forma pauperis*, along with a prison trust account statement, within 30 days. More than 30 days have passed, and neither Plaintiff has complied with the notice of deficiency or taken any other action in this case. On October 1, 2018, the mailing of the deficiency notice sent to Plaintiff Barnes was returned by the U.S. Postal Service marked "Return to Sender, Not Deliverable as Addressed, Unable to Forward" (DN 5).

If Plaintiffs wish to proceed with this civil action, they must pay the filing fee. In the case of multiple plaintiffs initiating an action together, the Sixth Circuit directs that each plaintiff pay a proportionate share of the filing fee. *Talley-Bey v. Knebl*, 168 F.3d 884 (6th Cir. 1999). However, upon review of the complaint, while it appears that Plaintiff Barnes signed the complaint, the allegations in the statement of claims pertain only to Plaintiff Watkins, and there is no reference in the complaint to Plaintiff Barnes, other than where Plaintiffs' names are to be listed.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

In the instant case, Plaintiff Barnes fails to meet this standard. He fails to set forth any statement of his claim against Defendants. Plaintiff Barnes, therefore, fails to give Defendants "fair notice" of his claim(s) against them. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (citation omitted). Accordingly,

**IT IS ORDERED** that Plaintiff Barnes is **DISMISSED** from this case pursuant to Federal Rule of Civil Procedure 8(a). The Clerk of Court is **DIRECTED to terminate** Plaintiff Barnes as a party to this action.

As a result, Plaintiff Watkins will be responsible for payment of the full $400 filing fee. **IT IS ORDERED** that Plaintiff Watkins shall **within 30 days** of entry of this Order either pay the $400 filing fee or file a prisoner application to proceed without prepayment of fees along with a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of the complaint. Should Plaintiff Watkins choose to pay the fee, he may send it to: United States District Court, Western District of Kentucky, 601 W. Broadway, Ste. 106, Louisville, KY 40202. Checks shall be made payable to **Clerk, U.S. District Court**.

The Clerk of Court is **DIRECTED** to send Plaintiff Watkins a form for filing an application to proceed without the prepayment of fees and affix the instant case number thereto.

**Plaintiff Watkins is WARNED that his failure to comply with this Memorandum and Order within the time allotted will result in DISMISSAL of the instant action**.

Date: November 8, 2018

**Joseph H. McKinley, Jr., Chief Judge
United States District Court**

cc: Plaintiffs, *pro se*
4414.010