**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**

**ROBERT DAMION BARNES** *et al.*                                    **PLAINTIFFS**

**v.**                                    **CIVIL ACTION NO. 4:18CV-P152-JHM**

**BRANDON ALLEN** *et al.*                                    **DEFENDANTS**

**MEMORANDUM OPINION**

The instant 42 U.S.C. § 1983 action was initiated by two *pro se* prisoners, Robert

Damion Barnes and Willit Watkins, against Defendants Brandon Allen and the Daviess County

Detention Center.  Because neither Plaintiff paid the required filing fee, the Clerk of Court issued

notices of deficiency on September 17, 2018, directing Plaintiffs to either pay the filing fee or

file a motion to proceed *in forma pauperis*, along with a prison trust account statement, within

30 days (DNs 3 and 4).  Neither Plaintiff complied with the notice of deficiency or took any

other action in this case.

On November 9, 2018, the Court entered a Memorandum and Order dismissing Plaintiff

Barnes pursuant to Federal Rule of Civil Procedure 8(a).  The Court found that Plaintiff Watkins

was therefore responsible for payment of the full $400 filing fee and ordered Plaintiff Watkins to

pay the $400 filing fee or file a prisoner application to proceed without prepayment of fees along

with a certified copy of his prison trust account statement within 30 days.  The Order warned

Plaintiff Watkins that his failure to comply with the Memorandum and Order within the time

allotted would result in dismissal of the instant action.

More than 30 days have passed, and Plaintiff Watkins has failed to comply with the

Court's Memorandum and Order or to otherwise take any action in this case.  Upon filing the

instant action, Plaintiff Watkins assumed the responsibility to actively litigate his claims.

Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Plaintiff Watkins has shown a failure to pursue his case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:  January 3, 2019

Joseph H. McKinley Jr., District Judge
United States District Court

cc:     Plaintiff Watkins, *pro se*
        Daviess County Attorney
4414.010